I agree with Deputy Commission Glenn that the greater weight of the medical evidence in the record establishes that plaintiff contracted the occupational diseases of cubital tunnel syndrome and chronic regional pain sydrome (CRPS) from her employment with defendants as a pathology assistant.
All of the physicians who testified as experts, with the exception of Dr. Edwards, believed that plaintiff's work as a pathology assistant, which required her to make repetitive, fine movements of the hands on a sustained basis, was causally related to the development of cubital tunnel syndrome and that the CRPS resulted from plaintiff's treatment of the cubital tunnel syndrome. The physicians also agreed that plaintiff was at an increased risk of developing these conditions due to her job duties with defendants.
Dr. Barsanti felt plaintiff's symptoms of ulnar neuropathy were a result of her employment with defendants. Dr. Kushner testified that proximal ulnar neuropathy or cubital tunnel syndrome can be associated with repetitive motion injuries. He felt it was probable plaintiff's condition was due to or aggravated by her job duties. Dr. Hendrickson testified that plaintiff's ulnar nerve compression and CRPS are work related, and are a type of injury typical of repetitive actions. Dr. Hendrickson did not feel plaintiff was capable of employment, and that her employment had placed her at an increased risk of developing her conditions. Dr. Hendrickson had actually performed the job which plaintiff had and was able to base his opinion on his personal knowledge of the position's physical requirements. Dr. Stanton-Hicks also testified plaintiff's cubital tunnel and RSD/CRPS conditions were proximately caused by her work as a pathology assistant, and her employment as such placed her at an increased risk of developing these conditions as compared to the general public.
The majority have chosen to disregard the greater weight of the medical evidence and instead based their decision on the opinion of Dr. Edwards. Dr. Edwards was the only physician who testified that plaintiff's conditions were not due to her employment and that plaintiff was not at an increased risk of contracting these diseases. Dr. Edwards did state that plaintiff's CRPS/RSD could have developed as a result of the surgeries she has undergone. While I have the utmost respect for Dr. Edwards' expertise, Dr. Edwards was hired by defendants to perform an independent medical examination of plaintiff and never actually examined plaintiff. I would give greater weight to the medical causation opinions expressed by plaintiff's treating physicians than to Dr. Edwards.
For the foregoing reasons, I must respectfully dissent from the opinion of the majority in this case and would award plaintiff compensation and medical expenses for contraction of the compensable occupational diseases of cubital tunnel syndrome and CRPS.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER